IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
OCT 1 5 2002

| | | |
|---|---|---|
| MICAHEL RYAN , | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.: 01 C 2961 |
| v. | ) | |
| | ) | |
| MARK HEIN, JAMES MALINOWSKI, FRANK | ) | Judge Robert Gettleman |
| HERNANDEZ, and PETER STANLEY, | ) | |
| individually, | ) | |
| Defendants. | ) | |

**FILED**

OCT 1 1 2002

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## NOTICE OF FILING

To:    ASA Nicholas Motherway
c/o Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602

PLEASE TAKE NOTICE than on October 11, 2002, I caused to be filed with the Clerk of the United States District Court for Northern District of Illinois the attached Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment, Plaintiff's Response to Defendant's Statement of Undisputed Facts Pursuant to LR. 56.1 and Plaintiff's State of Additional Facts That Require the Denial of Summary Judgment copies of which are served upon you.

## CERTIFICATE OF SERVICE

I, Gigi Gilbert, an attorney, certify that I served the attached documents on the above named person by depositing the same in the united states mail at 53 W. Jackson Boulevard, Chicago, Illinois with proper postage prepaid on October 11, 2002.

By: _Gigi Gilbert_
One of Plaintiff's Attorneys

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson Blvd., #356
Chicago, IL 60604
(312) 554-0000
Attorney #: 6199394

RECEIVED-ED4

02 OCT 11 PM 6: 28

CLERK
U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

OCT 1 1 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MICAHEL RYAN , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.:    01 C 2961 |
| v. | ) | |
| | ) | |
| MARK HEIN, JAMES MALINOWSKI, FRANK | ) | Judge Robert Gettleman |
| HERNANDEZ, and PETER STANLEY, | ) | |
| individually, | ) | |
| Defendants. | ) | |

**DOCKETED**

OCT 1 5 2002

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, MICHAEL RYAN, by and through his attorney in

this regard, GIGI GILBERT, and in Response to Defendant's Motion for Summary

Judgment states as follows:

### STATEMENT OF FACTS

The statement of facts is set forth in Plaintiff's Local Rule 56.1(b)(3)(B)

statement of additional facts that require the denial of Defendant's Motion for Summary

Judgment hereinafter cited to as "P's" with the corresponding paragraph number.

### ARGUMENT

Summary Judgment is only appropriate if the pleadings, depositions, answers to

interrogatories, admissions and affidavits show that there are no genuine issues of

material fact and that the moving party is entitled to judgment as a matter of law. F.R.

Civ. P. 56. The movant has the burden of establishing that there is no genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317,323, 106 S. Ct. 2548 (1986). The

1

primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). All reasonable inferences from the record must be drawn in favor of the nonmoving party. Johnson v. Runyon et. al., 47 F. 3d 911 (7th Cir. 1995).

## A. DEFENDANTS ACTED UNDER COLOR OF STATE LAW

There is overwhelming evidence that the Defendants were acting "under color of state law". The officers were on duty in the parking lot of 1501 Maybrook Drive, Maywood, Illinois their place of employment. The officers were in Cook County Sheriff's Police Department tan colored uniforms. (P's 62) Defendant Hein listed his work address and telephone number on the Cook County Sheriff's Police Crime/Incident report and Complaint for Disorderly Conduct. (P's 177, 178) Defendant Hein signed the complaint for disorderly conduct on behalf of the police department. (P's 177) Defendants physically participated in the arrest of Ryan. Most importantly, there are no allegations that Defendants had a prior personal relationship with Ryan.

The gist of Defendants' "under color of law" argument is that since they called the Maywood police department to actually arrest Ryan that they can not be held to be acting under "color of law". At the very least, genuine issues of material fact exist as to whether the Defendants were in fact acting "under color of law".

In Ruiz v. Herrera, 1997 U.S. Dist. LEXIS 2508 * 16 the court denied summary judgment based on a "color of law" argument where an off-duty police officer shot plaintiff with a department issued gun, identified himself as a police officer, signed the criminal complaint in his official capacity, and provided the address of police department

on the complaint. id. Additionally, in Ruiz, the Chicago police arrived on the scene and were the officers that actually arrested the plaintiff based on the information provided by the off-duty Bellwood officer. id at 86. See also, Gibson v. City of Chicago, 910 F. 2d 1510, 1517 (7th Cir. 1990); Pickrel v. City of Springfield, 45 F. 3d 1115, 1118 (7th Cir. 1995).

Sasso v. Davis, 1986 U.S. Dist. LEXIS 18240 (N.D. IL 1986) cited by Defendants is easily distinguishable. In Sasso the plaintiff and defendant were both Chicago police officers who were romantically involved in a personal relationship. Sasso, 1986 U.S. Dist. LEXIS 18240 at * 1. The dispute in Sasso occurred off duty, at the officer's home. id at *3. The defendant in Sasso struck the plaintiff during a heated argument about their personal relationship. id. at *9. In granting summary judgment in Sasso the court reasoned:

> The Supreme Court in Screws v. United States, 325 U.S. 91,111, 65 S. Ct. 1031, 1040 (1945), noted that "under 'color' of law means under 'pretense' of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded."
Sasso, 1986 U.S. Dist. LEXIS 18240 at * 10.

Ryan and the Defendants in the instant case had no romantic personal relationship.

Likewise, Grow v. Fisher, 523 F. 2d 875 (7th Cir. 1975) cited by Defendants is equally distinguishable. In Grow, the plaintiff had been charged with assault and battery with intent to gratify his sexual desires on a minor. Grow 523 F. 2d at 876. After the plaintiff was found not guilty, he sued the prosecuting attorney and five **private** citizens including the minor's mother . id. In granting defendants' Motion to Dismiss the court reasoned that apart from the prosecutors immunity, the simple conclusionary allegation

that the various private torts were committed "in concert" with a state official was not sufficient to cause the private citizens to be acting under color of state law. Grow, 523 F. 2d at 879.

The Defendants reliance on Teja v. Packard, 959 F. Supp. 469 (N.D. Ill. 1997) is also misplaced. Teja involved a lawsuit brought by a student at NIU university against a resident assistant for NIU over a dispute during a fire drill at NIU. Teja 959 F. Supp. at 471. The plaintiff alleged that the R.A. was acting under color of state law because he was acting in his capacity as a R.A. of a state university or in the alternative, that he was performing a public function i.e. clearing and securing a publicly owned building during a fire drill, at the time of the incident. id. at 475. The plaintiff claimed that the R.A.'s signing of the criminal complaint without probable cause, resulting in his arrest, violated his Fourth Amendment right to be free from unreasonable seizure. id. There were no allegations that the R.A. used excessive force against the student. id.

The issue in Teja then, was whether the R.A. was acting under color of state law when he signed the criminal complaint against the plaintiff college student. The court found that the signing of the criminal complaint by the R.A. did not require the exercise of power possessed by virtue of state law, nor was it made possible only because the R.A. was clothed with the authority of state law. id. at 476. There was no evidence that the R.A.'s duties included enforcement of the criminal code. id. at 476.

Finally, Defendants' reliance on Johnson v. Miller, 680 F. 2d 39 (7th Cir. 1982) cited by the court in Teja is also misplaced. In Johnson the court found that the defendant-bank was not acting under state law in simply signing the complaint reasoning

"to file a criminal complaint with the police is the act of a private citizen", <u>Johnson</u>, 680

F. 2d at 41.

Defendants, here, are not resident assistants at a state university, bank employees, private citizens whose children were alleged victims of sexual assaults or off-duty police officers in a romantic dispute with their significant others. It is not the only Defendant Hein's signing of the complaint for the disorderly conduct charge on behalf of the Cook County Sheriff's Police Department that forms the basis of Ryan's allegation that the Defendants were acting "under color of state law". Ryan's Amended Complaint does not allege a malicious or false prosecution claim. Rather, it is the Defendants' actual seizure and arrest of Ryan without probable cause, and their excessive use of force during the arrest while they were employed as police officers, on duty, working in their official capacity, at the police station.

As the court stated in <u>Sasso</u>, "[a] party cannot resist summary judgment by pointing to snippets of depositions. . ." <u>Sasso</u>, at *13. Likewise, Defendants can not support their argument that they did not act "under color of state law" by pointing to isolated snippets of case law, taken out of context. Clearly, a genuine issue of material fact exists whether Defendants were acting under color of state law.

## B. A GENUINE ISSUE OF MATERIAL FACT EXISTS WHETHER RYAN'S ARREST WAS UNLAWFUL

Section 1983 claims presenting the question of probable cause are inappropriate for disposition on summary judgment where there is room for a difference of opinion concerning the facts or reasonable inferences to be drawn from them. <u>Qian v. Kautz</u>, 168 F. 3d 949, 953 (7th Cir. 1999).

Defendant Hein arrested and signed a complaint against Ryan for Disorderly Conduct after being instructed to do so by Defendant Malinowski. Defendant Hein admits a disorderly conduct breach of public peace charge could not stand against police officers. (P's 176) This is also evidenced by the fact that although Defendant was present in court the Assistant State's Attorney SOL'd or dismissed the charge. (P's 188)

Warrantless arrests in public places are permitted under the Fourth Amendment if the arresting officer had probable cause. Probable cause for an arrest exists if the officer "reasonably believes in light of the facts and circumstances within [the officer's] knowledge at the time of the arrest that the suspect had committed or was committing an offense." United States v. Carrillo, 269 F. 3d 761, 766 (7th Cir. 2001). Whether probable cause exists turns on the information known to the officers at the moment the arrest was made, not on subsequently received information. Carrillo, 269 F. 3d at 766. The determination of the existence of probable cause is based on the totality of the circumstances. id.

In Mihalko v. Daley, 2002 U.S. Dist. *LEXIS* 7287 the court denied summary judgment on plaintiff's false arrest and excessive force claims. In Mihalko, the plaintiff was leaving a bar when he saw the officer blocking the doorway. The plaintiff did not believe he made physical contact with the officer. The officer testified that the plaintiff came flying out of the bar and shoved him into a wall hitting his torso. The officer also alleged that the plaintiff resisted arrest by flailing his arms, pulling away from the officer, and swinging his fists at the officer's head and face. Mihalko, 2002 U.S. Dist. *LEXIS* 7287 at * 7.

In denying defendant's Motion for Summary Judgment the court in <u>Mihalko</u> found that there was a factual dispute as to whether the plaintiff engaged in the physical conduct to which the officer testified to. <u>id.</u>, at *16. The court reasoned that:

> The factual dispute as to the events . . .precludes summary judgment in favor of [the officer] on qualified immunity grounds because the determination of whether a reasonable officer in [defendant's] position would have believed he had probable cause to arrest Plaintiff for battery depends on whether one believes his version of the events on that night or Plaintiff's. Furthermore, no finding of arguable or actual probable cause could survive after adopting Plaintiff's version of the facts. . .

> Plaintiff testified that he did not strike [the officer]. Thus, there can be no finding of probable cause as a matter of law. There are issues of material fact as to whether Plaintiff committed a battery against [the officer] . . .and whether probable cause for the arrest existed; and, therefore, summary judgment is denied on Plaintiff's claim for false arrest.

<u>id.</u>, at *17. See also, <u>Carroll v. Village of Homewood</u>, 2001 U.S. Dist. LEXIS 18857 (Genuine issue of material fact existed about what facts were before defendants when they arrested uniform police officer for DUI).

In the instant case, just like in <u>Mihalko</u> a factual dispute exists as to whether Ryan engaged in the physical contact that Defendants allege. No finding of arguable or actual probable cause could survive after adopting Ryan's version of the facts and as such there can be no finding of probable cause as a matter of law.

Ryan testified that he was simply standing by his Terminix truck waiting for the officer who told him to "wait here" to return with a supervisor. (P's 67) He simply refused to go with a "big beefy" ambulance driver, whom he did not call, to an unknown destination. (P's 69, 75) It can be inferred that he was not creating a disturbance or breach of the peace. (P's 37, 41, 43). Ryan denies that civilians were present. (P's 104). Ryan never noticed any signs i.e. no trespassing, when he entered the parking lot. (P's

44). Ryan testified that that all he wanted to do was leave and the sheriff's deputies would not let him leave. (P's 72, 73).

## B. A GENUINE ISSUE OF MATERIAL FACT EXIST
## WHETHER EXCESSIVE FORCE WAS USED

The force used to effect an arrest must be objectively reasonable under the totality of the circumstances confronting the officer. Estate of Phillips v. City of Milwaukee, 123 F. 3d 586, 592 (7th Cir. 1997). The relevant facts and circumstances used to analyze such a claim include 1) the severity of the crime at issue 2) whether the suspect poses an immediate threat to the safety of the officers or others and 3) whether he is actively resisting arrest or attempting to evade arrest by flight. Graham v. Connor, 490 U.S. 386, 396, (1989).

Defendant was allegedly committing criminal trespass or disorderly conduct, two non-violent misdemeanor offenses without civilian complaints. There is no allegation that Ryan was armed with a gun or other weapon or that he made any threats of violence against the Defendants or anyone else. As they waited for the Maywood police to arrive even Defendant Hein testified that nothing much was going on and that nothing was said. (P's 158, 160).

There is no evidence that Ryan was resisting arrest. Ryan did not know that he was even being placed under arrest at that time. In the squad car, Ryan believed that he was on his way to the hospital. (P's 135 ) Ryan, was not swinging his arms or kicking his legs. (P's 95,96) Defendants did not charge Ryan with resisting arrest or battery to a police officer. There is no evidence that Ryan was attempting to flee from the police. If anything, it was Ryan's failure to immediately leave that prompted Defendant Malinowski to instruct Defendant Hein to call the Maywood police. Viewing the

evidence in the light most favorable to Ryan, a reasonable jury could conclude that Defendant's use of force against Michael Ryan was greater than was reasonably necessary under the circumstances.

Just as the court found in Mihalko, there are issues of material fact as to whether Defendant's use of force was objectively reasonable in light of the circumstances confronting him. Ryan and Defendant have two very different versions of the events of April 25, 2000. The reasonableness of Defendant's use of force turns on whether Ryan was resisting Defendants an allegation which he denies. Therefore, summary judgment on Ryan's claim for excessive force must be denied.

In Threlkeld v. White Castle Systems et al. 201 F. Supp. 2d 834, 836 (2002) the court denied the defendants Motion for Summary Judgment based on the plaintiff's excessive force claim. The court there found that the plaintiff had presented enough evidence to survive a summary judgment claim arising out of "tight handcuffs" which cut into the plaintiff's skin resulting in long-term injury to her wrist. Threlkeld, 201 F. Supp. at 841. Likewise, Ryan here, suffered a fractured elbow which required medical attention, caused him to lose time from work and still gives him problems today.

Brownell v. Figel, 950 F. 2d 1285 (7th Cir. 1991), cited by the Defendants in support of their argument that Ryan can not rely on the doctrine of *res ipsa loquitur* is easily distinguishable. The plaintiff in Brownell was driving under the influence of alcohol when he collided with a guardrail and was unable to remember most of what happened. Brownell, 950 F. 2d at 1287. He was taken directly to the hospital and then to the police station where he ended up a quadriplegic following his detention. Brownell, 950 F. 2d at 1289. The only evidence of excessive force in Brownell was the use of two

pain techniques that the officers administered in an attempt to wake the plaintiff up from what the officers thought was a drunken stupor.

The court in Brownell found that although the plaintiff's injury was unfortunate, there was no evidence that it was caused by the unreasonable conduct of the police officers rather than his automobile accident. There is no evidence whatsoever that Ryan was intoxicated the morning that he went to the police station or that he had been involved in any automobile accident immediately prior to his contact with the officers. Ryan clearly remembers the incident and testified that the Defendants jumped on him and he ended up on the ground face first. (P's 83) The Defendants were all grabbing at him and one of them snapped his arm behind his back and broke his elbow. (P's 84, 87) The fact that Ryan did not seek medical treatment from the paramedics on the scene is understandable given that it was the same big beefy 6'6 350 pound ambulance driver who threatened Ryan that he was coming with him "the easy way or the hard way". (P's 69, 77)

Likewise, Stephan v. City of Evanston, 1993 U.S. Dist. LEXIS 7895 cited by Defendants is easily distinguishable. The plaintiff in Stephan had grabbed the defendant from behind not knowing that he was a police officer. Stephan, 1993 U.S. Dist. *LEXIS* 7895 at *2. While the plaintiff was holding on to the officer another officer struck him on the back of his head. id at *3. Plaintiff could not identify who struck him but the officer he was holding on to addressed him as "partner". id. In denying summary judgment, the court reasoned that the addressing of the person who struck the plaintiff as "partner" is too insubstantial a basis for the plaintiff's claim against the defendant as there was no foundation laid for the statement. id at *10.

10

By contrast, Ryan here did not batter or attack the Defendants first. Defendant Hein admits that he had a hold of Ryan's leg. Defendant Hein states that Defendants Hernandez, Staley, and Malinowski were all outside when the Maywood squad car arrived. (P's 161, 165)  In the light most favorable to the non-movant, Ryan testified that the sheriff deputies all surrounded him, told him it was he was going with the ambulance driver "the easy way or the hard way", jumped on him, tackled him to the ground where he ended up face first and were all grabbing at him and snapped his arm behind his back breaking his elbow. (P's 78, 81, 83, 85, 87)  It was an ugly situation and something that never should have happened. (P's 86)  Of course, over two years later the Defendants are going deny involvement through a self-serving affidavit.

In Rutherford v. Berkeley, 780 F. 2d 1444, 1448 (9th Cir. 1986) the court held that even though the plaintiff could not recall where the three officers were amoung the officers who had beaten him, because they were among the five or six who surrounded him, a jury could reasonably find that they participated in the attack.  Likewise, in Santos v. Gates, 287 F. 3d 846 (9th Cir. 2002) the plaintiff, a paranoid and unstable individual, had a blood alcohol content of .227 and did not specifically remember being forced to the ground by the officer.  The plaintiff suffered a broken back and the court held that simply because the plaintiff had no clear recollection of the act which he claims caused his severe injury does not mean that his claim must fail as a matter of law.  Santos, 287 F. 3d at 851.  As the court stated in Santos "[n]o where in our cases have we held that police misconduct may be proved only through direct evidence.  To the contrary a jury's finding for a plaintiff in an excessive force case may unquestionably rest on inferences drawn from circumstantial evidence." Santos, 287 F. 3d at 852.

Additionally, failure to intervene in the unprovoked exercise of excessive force against Ryan can also provide a basis for liability. See, Avina v. Hosko, 1999 U. S. Dist. LEXIS 4189 at * 5; Yang v. Harden, 37 F. 3d 282, 285 (7th Cir. 1994)(Omissions as well as actions may violate civil rights. Officer held liable for failure to intervene when partner used excessive force against plaintiff.)

In Yang the court cited Byrd v. Brishke, 466 F.2d 6, 10 (7th Cir. 1972) as the seminal case in the Seventh Circuit regarding an officer's duty to intervene quoting "one who is given a badge of authority may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." Bryd, 466 F2d at 11. This responsibility to intervene applies equally to supervisory and non-supervisory officers. id.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under Section 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

Yang, 37 F. 3d at 285. Defendants were present when Ryan was unjustifiably arrested and subjected to excessive force. A genuine issue of material fact exists whether they can be held liable for either their participation in the violation of Ryan's constitutional rights or their failure to intervene.

## C. A DETERMINATION OF QUALIFIED IMMUNITY REQUIRES FACTUAL FINDINGS AND THEREFORE SUMMARY JUDGMENT IS NOT APPROPRIATE

Where a determination of qualified immunity requires factual findings, summary judgment is not appropriate. Phelan v. Paladino, 1999 U.S. Dist. LEXIS 9129 *citing*

Green v. Carlson, 826 F. 2d 647, 652 (7th Cir. 1987).  In defeating a claim of qualified immunity the plaintiff must show 1) that a court has found that a state actor has used excessive force in a closely analogous case or 2) that the force was "plainly excessive". id.

The force used by Defendants against Ryan was so plainly excessive that, as an objective matter, the Defendants would have been on notice that they were violating the Fourth Amendment.  Since a genuine issues of material fact exist, summary judgment on a qualified immunity basis is inappropriate.  See, Mahone v. Palazzo, 1999 U.S. Dist. LEXIS 7204 (N.D. Illinois 1999) (Summary judgment denied based on qualified immunity defense where following a domestic dispute a "wrist lock" move was used which broke plaintiff's wrist where plaintiff testified he was being cooperative upon arrest); Phelan v. Paladino, 1999 U.S. Dist. LEXIS 9129 at *9 (Summary judgment based on qualified immunity denied where officers broke plaintiff's foot by slamming her front door on it.)

WHEREFORE, for the aforementioned reasons, Plaintiff, MICHAEL RYAN, respectively requests that this court enter an order denying Defendants' Motion for Summary Judgment and for whatever other relief that this court deems appropriate.

Respectively Submitted,

By: _Gigi Gilbert_
One of Plaintiff's Attorneys

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson Blvd., #356
Chicago, IL  60604
(312) 554-0000
#9139394

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICAHEL RYAN , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.: 01 C 2961 |
| v. | ) | |
| | ) | |
| MARK HEIN, JAMES MALINOWSKI, FRANK | ) | Judge Robert Gettleman |
| HERNANDEZ, and PETER STANLEY, | ) | |
| individually, | ) | |
| Defendants. | ) | |

**FILED**
OCT 1 1 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
OCT 1 5 2002

## PLAINTIFF'S LOCAL RULE 56.1 (b)(3)(A) RESPONSE
## TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

NOW COMES the Plaintiff, MICHAEL RYAN, by and through his attorney in

this regard, GIGI GILBERT, and pursuant to the Rule 56.1(b)(3)(A) of the Local Rules

of the U.S. District Court for the Northern District of Illinois, submits the following

Response to Plaintiff's Statement of Facts:

1.      Plaintiff admits the allegations contained in paragraph 1.

2.      Plaintiff admits the allegations contained in paragraph 2.

3.      Plaintiff admits the allegations contained in paragraph 3.

4.      Plaintiff admits the allegations contained in paragraph 4.?

5.      Plaintiff admits the allegations contained in paragraph 5.?

6.      Plaintiff admits the allegations contained in paragraph 6.

7.      Plaintiff denies the allegations contained in paragraph 7. Plaintiff states

that the attached deposition page does not support this allegation.

8.      Plaintiff denies the allegations contained in paragraph 8. Plaintiff states

that the attached deposition page does not support this allegation.

1

9.     Plaintiff denies that there was probable cause to arrest him for disorderly conduct but admits that he was charged with disorderly conduct and his criminal case was continued a few times.

10.     Plaintiff admits the allegations contained in paragraph 10.

11.     Plaintiff denies the allegations contained in paragraph 11. Ryan testified at his deposition that "[t]here may have been some civilians out there, but I didn't really notice them because my attention was with the ambulance driver and the people standing around me". (Ryan deposition p. 83-84.) Ryan testified "I was just like focused on what was going on in my immediate vicinity right there around me. And, you know, I don't know if anyone else was wandering around in the parking lot or pulling up to go to work or, you know, just walking down the sidewalk. I wasn't watching for that." (Ryan deposition p. 96)

12.     Plaintiff admits the allegations contained in paragraph 12.

13.     Plaintiff admits the allegations contained in paragraph 13.

14.     Plaintiff admits the allegations contained in paragraph 14.

15.     Plaintiff denies the allegations contained in paragraph 15. Ryan was told by the gentleman who patrols the lot to "wait here for a supervisor". (Ryan dep. p. 96:5-9).

16.     Plaintiff denies the allegations contained in paragraph 16. Ryan testified that "the deputy sheriffs were standing there saying you have to go with the ambulance. I was like, why, why you know. Q. What did the ambulance driver tell you? A. He pretty much told me that he was called there to take me, you know, in the ambulance. . .He said we can do it hte easy way or the hard way. All the deputies agreed with him. Yeah,

you're going with him, the easy way or the hard way. I was like I'm not going. They all jumped on me. Q. Did the ambulance driver jump on you? A. See, that's the part I don't know if he touched me or not, or it was just the officers. " (Ryan deposition p. 97-98.)

17.     Plaintiff denies the that contained in paragraph 17. Ryan testified that he had a bunch of people grabbing on him and did not know if the ambulance driver was one of them or not. (Ryan deposition p. 98)

18.     Plaintiff's admits that his arm hurt but denies the remainder of the allegations contained in paragraph 18. Ryan testified that "someone had a hold of his wrist. They like snapped my arm behind my back, and it broke my elbow bone." (Ryan deposition p. 99)

19.     Plaintiff admits the allegations contained in paragraph 19.

20.     Plaintiff admits the allegations contained in paragraph 20.

21.     Plaintiff admits the allegations contained in paragraph 21.

22.     Plaintiff admits the allegations contained in paragraph 21.

23.     Plaintiff admits the allegations contained in paragraph 21.

24.     Plaintiff admits the allegations contained in paragraph 24.

25.     Plaintiff denies and moves to strike the allegations contained in paragraph 25. Plaintiff states that the attached deposition page does not support this allegation.

26.     Plaintiff admits the allegations contained in paragraph 26.

27.     Plaintiff admits the allegations contained in paragraph 27.

28.     Plaintiff denies the allegations contained in paragraph 28. When Defendant Hein was asked whether Al Ramito was in uniform or in plain cloths he replied "I would assume he was in uniform." (Hein dep. 59).

29. Plaintiff admits the allegations contained in paragraph 29.

30. Plaintiff admits the allegations contained in paragraph 30.

31. Plaintiff admits the allegations contained in paragraph 31.

32. Plaintiff admits the allegations contained in paragraph 32.

33. Plaintiff admits the allegations contained in paragraph 33.

34. Plaintiff denies the allegations contained in paragraph 34. Ryan testified that he was standing by his Terminix truck waiting for the officer to return with a supervisor and did not leave from the truck. (Ryan's dep. 77-78)

35. Plaintiff denies the allegations contained in paragraph 35. Ryan testified that he wanted to do was leave but the sheriff deputies would not let him and wanted him to go with the ambulance driver. (Ryan's dep. 87-88).

36. Plaintiff denies the allegations contained in paragraph 36. Ryan testified that he did not kick his legs and that he asked the deputies why they were doing this to him. (Ryan's dep. 100).

37. Plaintiff denies the allegations contained in paragraph 37. Ryan testified that he did not kick his legs. (Ryan's dep. 100).

38. Plaintiff admits the allegation contained in paragraph 30.

39. Plaintiff admits the allegations contained in paragraph 39.

40. Plaintiff admits the allegations contained in paragraph 40.

41. Plaintiff admits that he did not go with the paramedics for treatment but denies the allegations contained in paragraph 41. (Ryan Affidavit para. ).

42. Plaintiff admits the allegations contained in paragraph 42.

43. Plaintiff admits the allegations contained in paragraph 43.

44.     Plaintiff admits the allegations contained in paragraph 44.

45.     Plaintiff admits the allegations contained in paragraph 45.

46.     Plaintiff admits the allegations contained in paragraph 46.

47.     Plaintiff admits that the Assistant State's Attorney SOL'd the case but denies the remainder of the allegations contained in paragraph 47.

48.     Plaintiff denies the allegations contained in paragraph 48.

49.     Plaintiff denies the allegations contained in paragraph 49. Ryan testified that he was standing by his truck waiting to talk to a supervisor. (Ryan's dep. 100)

50.     Plaintiff denies the allegations contained in paragraph 50. Ryan testified that he all he wanted to do was leave. (Ryan's dep. 100)

51.     Plaintiff denies the allegations contained in paragraph 51. Ryan testified that he was not told he was under arrest and that he did not swing his arms or kick his legs. (Ryan's dep. 100).

52.     Plaintiff denies the allegations contained in paragraph 52. Defendant testified that if there were other Cook County Sheriff's out there that day they were all in the same tan uniforms. (Hein dep. 110)

53.     Plaintiff denies the allegations contained in paragraph 53. Defendant Hein testified that if there were other Cook County Sheriff's out there that day they were all in the same tan uniforms and that three other sheriff's were present. (Hein dep. 110)

54.     Plaintiff denies the allegations contained in paragraph 54. Ryan testified that he told the lock-up keeper that his arm hurt. (Ryan's dep. 108).

Respectively Submitted,

By: _____
One of Plaintiff's Attorneys

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson Blvd., #356
Chicago, IL  60604
(312) 554-0000
#9139394

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHISN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICAHEL RYAN ,

        Plaintiff,

        v.

MARK HEIN, JAMES MALINOWSKI, FRANK
HERNANDEZ, and PETER STANLEY,
individually,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

No.:  01 C 296

Judge Robert Gettleman

**FILED**

OCT 14 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S LOCAL RULE 56.1 (b)(3)(A) RESPONSE
## TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

NOW COMES the Plaintiff, MICHAEL RYAN, by and through his attorney in

this regard, GIGI GILBERT, and pursuant to the Rule 56.1(b)(3)(A) of the Local Rules

of the U.S. District Court for the Northern District of Illinois, submits the following

Response to Plaintiff's Statement of Facts:

1.     Plaintiff admits the allegations contained in paragraph 1.

2.     Plaintiff admits the allegations contained in paragraph 2.

3.     Plaintiff admits the allegations contained in paragraph 3.

4.     Plaintiff admits the allegations contained in paragraph 4.?

5.     Plaintiff admits the allegations contained in paragraph 5.?

6.     Plaintiff admits the allegations contained in paragraph 6.

7.     Plaintiff denies the allegations contained in paragraph 7. Plaintiff states

that the attached deposition page does not support this allegation.

8.     Plaintiff denies the allegations contained in paragraph 8. Plaintiff states

that the attached deposition page does not support this allegation.

9.    Plaintiff denies that there was probable cause to arrest him for disorderly conduct but admits that he was charged with disorderly conduct and his criminal case was continued a few times.

10.    Plaintiff admits the allegations contained in paragraph 10.

11.    Plaintiff denies the allegations contained in paragraph 11. Ryan testified at his deposition that "[t]here may have been some civilians out there, but I didn't really notice them because my attention was with the ambulance driver and the people standing around me". (Ryan deposition p. 83-84.) Ryan testified "I was just like focused on what was going on in my immediate vicinity right there around me. And, you know, I don't know if anyone else was wandering around in the parking lot or pulling up to go to work or, you know, just walking down the sidewalk. I wasn't watching for that." (Ryan deposition p. 96)

12.    Plaintiff admits the allegations contained in paragraph 12.

13.    Plaintiff admits the allegations contained in paragraph 13.

14.    Plaintiff admits the allegations contained in paragraph 14.

15.    Plaintiff denies the allegations contained in paragraph 15. Ryan was told by the gentleman who patrols the lot to "wait here for a supervisor". (Ryan dep. p. 96:5-9).

16.    Plaintiff denies the allegations contained in paragraph 16. Ryan testified that "the deputy sheriffs were standing there saying you have to go with the ambulance. I was like, why, why you know. Q. What did the ambulance driver tell you? A. He pretty much told me that he was called there to take me, you know, in the ambulance. . .He said we can do it hte easy way or the hard way. All the deputies agreed with him. Yeah,

2

you're going with him, the easy way or the hard way. I was like I'm not going. They all jumped on me. Q. Did the ambulance driver jump on you? A. See, that's the part I don't know if he touched me or not, or it was just the officers. " (Ryan deposition p. 97-98.)

17.     Plaintiff denies the that contained in paragraph 17. Ryan testified that he had a bunch of people grabbing on him and did not know if the ambulance driver was one of them or not. (Ryan deposition p. 98)

18.     Plaintiff's admits that his arm hurt but denies the remainder of the allegations contained in paragraph 18. Ryan testified that "someone had a hold of his wrist. They like snapped my arm behind my back, and it broke my elbow bone." (Ryan deposition p. 99)

19.     Plaintiff admits the allegations contained in paragraph 19.

20.     Plaintiff admits the allegations contained in paragraph 20.

21.     Plaintiff admits the allegations contained in paragraph 21.

22.     Plaintiff admits the allegations contained in paragraph 21.

23.     Plaintiff admits the allegations contained in paragraph 21.

24.     Plaintiff admits the allegations contained in paragraph 24.

25.     Plaintiff denies and moves to strike the allegations contained in paragraph 25. Plaintiff states that the attached deposition page does not support this allegation.

26.     Plaintiff admits the allegations contained in paragraph 26.

27.     Plaintiff admits the allegations contained in paragraph 27.

28.     Plaintiff denies the allegations contained in paragraph 28. When Defendant Hein was asked whether Al Ramito was in uniform or in plain cloths he replied "I would assume he was in uniform." (Hein dep. 59).

29. Plaintiff admits the allegations contained in paragraph 29.

30. Plaintiff admits the allegations contained in paragraph 30.

31. Plaintiff admits the allegations contained in paragraph 31.

32. Plaintiff admits the allegations contained in paragraph 32.

33. Plaintiff admits the allegations contained in paragraph 33.

34. Plaintiff denies the allegations contained in paragraph 34. Ryan testified that he was standing by his Terminix truck waiting for the officer to return with a supervisor and did not leave from the truck. (Ryan's dep. 77-78)

35. Plaintiff denies the allegations contained in paragraph 35. Ryan testified that he wanted to do was leave but the sheriff deputies would not let him and wanted him to go with the ambulance driver. (Ryan's dep. 87-88).

36. Plaintiff denies the allegations contained in paragraph 36. Ryan testified that he did not kick his legs and that he asked the deputies why they were doing this to him. (Ryan's dep. 100).

37. Plaintiff denies the allegations contained in paragraph 37. Ryan testified that he did not kick his legs. (Ryan's dep. 100).

38. Plaintiff admits the allegation contained in paragraph 30.

39. Plaintiff admits the allegations contained in paragraph 39.

40. Plaintiff admits the allegations contained in paragraph 40.

41. Plaintiff admits that he did not go with the paramedics for treatment but denies the allegations contained in paragraph 41. (Ryan Affidavit para. ).

42. Plaintiff admits the allegations contained in paragraph 42.

43. Plaintiff admits the allegations contained in paragraph 43.

44.    Plaintiff admits the allegations contained in paragraph 44.

45.    Plaintiff admits the allegations contained in paragraph 45.

46.    Plaintiff admits the allegations contained in paragraph 46.

47.    Plaintiff admits that the Assistant State's Attorney SOL'd the case but denies the remainder of the allegations contained in paragraph 47.

48.    Plaintiff denies the allegations contained in paragraph 48.

49.    Plaintiff denies the allegations contained in paragraph 49.  Ryan testified that he was standing by his truck waiting to talk to a supervisor.  (Ryan's dep. 100)

50.    Plaintiff denies the allegations contained in paragraph 50.  Ryan testified that he all he wanted to do was leave.  (Ryan's dep. 100)

51.    Plaintiff denies the allegations contained in paragraph 51.  Ryan testified that he was not told he was under arrest and that he did not swing his arms or kick his legs.  (Ryan's dep.  100).

52.    Plaintiff denies the allegations contained in paragraph 52.  Defendant testified that if there were other Cook County Sheriff's out there that day they were all in the same tan uniforms.  (Hein dep. 110)

53.    Plaintiff denies the allegations contained in paragraph 53.  Defendant Hein testified that if there were other Cook County Sheriff's out there that day they were all in the same tan uniforms and that three other sheriff's were present.  (Hein dep. 110)

54.    Plaintiff denies the allegations contained in paragraph 54.  Ryan testified that he told the lock-up keeper that his arm hurt. (Ryan's dep. 108).

Respectively Submitted,

By:_____
   One of Plaintiff's Attorneys

5

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson Blvd., #356
Chicago, IL 60604
(312) 554-0000
#9139394